UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                           **DECISION AND ORDER**
                                                              10-CR-90S (2)

IAN CAMPBELL GENT,

                          Defendant.

1.      On December 27, 2012, this Court sentenced Defendant to, inter alia, eight

years of imprisonment for conspiring to commit mail fraud and committing and aiding and

abetting mail fraud, in violation of 18 U.S.C. §§ 2, 1341, and 1349.  (Docket No. 196.)

2.      On January 11, 2013, Defendant filed the instant Motion for Release Pending

Appeal and Stay of Sentence, pursuant to 18 U.S.C. § 3143 (b) and Rule 38 of the Federal

Rules of Civil Procedure.  (Docket No. 203.)  Three days later, Defendant filed his Notice

of Appeal to the United States Court of Appeals for the Second Circuit.  (Docket No. 204.)

For the following reasons, Defendant's motion is denied.

3.      Eighteen U.S.C. § 3143 (b)(1) permits release of an individual who has been

found guilty of an offense, has been sentenced to a term of imprisonment, and who has

filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the

individual is not likely to flee or pose a danger to the safety of others in the community if

released, and (2) the appeal being taken is not for the purpose of delay and raises a

substantial question of law or fact likely to result in reversal of the conviction, an order for

a new trial, a sentence that does not include imprisonment, or a reduced sentence of

imprisonment less than the total of time already served, plus the expected duration of the

appeal process.   18 U.S.C.  § 3143(b)(1).   If release is permitted, the sentence of

imprisonment must be stayed.  Fed. R. Crim. P. 38 (b)(1).

4.      On the first prong, the government concedes that Defendant is not a danger to the community, and this Court finds likewise.  But the government maintains that Defendant is a flight risk.  It points to Defendant's long sentence, his advanced age, and his Canadian citizenship in support of its argument that there is a substantial risk that he will flee to Canada to avoid serving his sentence.  Defendant argues that he is not a flight risk and relies on his record of appearing at court proceedings, his 30-year residence in the United States, and his commitment to his ill daughter.

5.      Having considered the parties' arguments, this Court finds an absence of clear and convincing evidence that Defendant is unlikely to flee.  Defendant is a 70-year-old man facing an eight-year sentence of imprisonment.  He is not currently working, he holds Canadian citizenship, and he faces possible removal to Canada following the completion of his sentence.  Although this Court recognizes that Defendant is involved in the care of his ill daughter, this fact alone does not amount to clear and convincing evidence that he will not flee.  Accordingly, this Court finds that Defendant is a flight risk.

6.      As to the second prong, this Court finds that Defendant's appeal fails to raise substantial questions of fact or law.  To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than would be necessary to a finding that [the appeal] was not frivolous.  It is a close question or one that very well could be decided the other way."  United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).

7.      This Court already considered and rejected the arguments that Defendant now maintains raise substantial questions of fact or law when it denied his post-trial

motions. (Docket No. 171.) The only new issue appears to be Defendant's claim that this Court erroneously admitted certain transcripts into evidence at trial. Given what appears to be Defendant's failure to object or preserve any objection, this issue is unlikely to result in reversal of Defendant's conviction or a new trial.

8.     Accordingly, for these reasons, this Court finds that Defendant has not made the requisite showing under 18 U.S.C. § 3143(b) for release pending appeal. Consequently, that request and Defendant's request for a stay of sentence are denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Release Pending Appeal and Stay of Sentence (Docket No. 203) is DENIED.

FURTHER, that Defendant shall surrender as directed by the United States Marshals Service, to commence service of his sentence.

SO ORDERED.


Dated:  January 30, 2013
         Buffalo, New York


                                          /s/William M. Skretny
                                          WILLIAM M. SKRETNY
                                          Chief Judge
                                          United States District Court